# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ILYA DOBRYDNEV, | * |
| | *   No. 04-1593V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | *   Filed: May 1, 2015 |
| AND HUMAN SERVICES, | * |
| | *   Attorneys' fees, appellate |
| Respondent. | *   litigation |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Mark P. Friedlander, Jr.</u>, Friedlander, Friedlander & Earman, McLean, VA, for petitioner;
<u>Heather L. Pearlman</u>, U.S. Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

On April 9, 2015, petitioner filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter.  On April 21, 2015, petitioner submitted a motion for attorneys' fees and costs.  Upon review of petitioner's application, respondent raised objections to certain items.  Based on subsequent discussions, petitioner amended his request $65,000.00, an amount to which respondent does not object.  The Court awards this amount.

On October 25, 2004, Ilya Dobrydnev[2] filed a petition for compensation alleging that a dose of hepatitis B vaccination caused him to develop chronic

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

[2] When he reached the age of majority, Mr. Dobrydnev replaced his parents, Dr. Boris Dobrydnev and Dr. Yuliya Dobrydneva, as petitioner.  Order, issued June 13, 2011.  Because

fatigue syndrome.  After extensive litigation, the Federal Circuit eventually upheld a finding that Mr. Dobrydnev was not entitled to compensation.  566 F. App'x 976 (Fed. Cir. 2014), reh'g denied, No. 2013-5118 (Fed. Cir. Aug. 20, 2014), cert. denied, 135 S. Ct. 1560 (2015).

     The procedural history of this case from its inception through August 2013 is summarized in the Interim Fees Decision, 2013 WL 5631230 (Sept. 23, 2013) (awarding $394,274.95 in attorneys' fees and costs).  The pending application starts where the previous application ended August 2013.  After August 2013, the petitioner's attorney, Mr. Friedlander, performed a series of activities.  His tasks included: writing a brief as the appellee at the Federal Circuit, preparing and presenting an oral argument at the Federal Circuit, drafting a motion for reconsideration, and filing a writ of certiorari to the Supreme Court.  Pet'r's Mot. for Attorneys' Fees, filed Apr. 20, 2015 at 1-2.

     Even though compensation was denied, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Mr. Dobrydnev's counsel diligently represented him at the Federal Circuit.  Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

     After negotiations, petitioner seeks a total of **$65,000.00**, in final attorneys' fees and costs for his counsel.  Additionally, in compliance with General Order No. 9, petitioner states that he did not incur any additional out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

     After reviewing this request, the Court awards the following:

a. **A lump sum of $65,000.00, in the form of a check may payable to petitioner, Ilya Dobrydnev, and petitioner's attorney, Mark P. Friedlander, Jr., Esq., for attorneys' fees and other litigation costs available under 42 U.S.C. §300 aa-15(e).**

---

petitioner's mother was the lead petitioner prior to Mr. Dobrydnev's substitution, previous decisions are referred to as "Dobrydeva," reflecting the gender-dependent form of the Russian surname.

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.[3]

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.